UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Edward S. Ballew, et al., | § § | |
| Plaintiffs, | § § | |
| versus | § § | Civil Action H-10-1699 |
| Continental Airlines, Inc., et al., | § § | |
| Defendants. | § § | |

## Opinion on Dismissal

1. *Introduction.*

The question is whether this court has jurisdiction to interpret a term in a contract between the Air Line Pilots Association and Continental Airlines at this stage of their dispute. It does not.

2. *Contract.*

In April 2005, the Association contracted with Continental for pension benefits through a retirement plan. The plan calculates the benefits as a percentage of the pilot's *final-average compensation*. This is the average of the pilot's highest sixty consecutive months of compensation during the last ten years of credited service – years of 2,000 hours of work.

Before May 2005, Continental included leaves of absence as credited service. Starting in June 2005, Continental has treated absences as interruptions.

Four retired pilots who belong to the Association say that Continental has breached the contract by misinterpreting final-average compensation to deny them full benefits. Continental says this court's jurisdiction is precluded by the Railway Labor Act.

3.   *Railway.*

The Railway Labor Act regulates worker-company relations in railroads and airlines. One of its tools is boards of adjustment; they have exclusive jurisdiction to interpret and apply collective contracts about pay, rules, and conditions. If a claim is derived from the contract, it is sent to an adjustment board. The board handles it administratively, with judicial enforcement precluded. A claim that is fully independent from the contract, like whether a collective contract was formed, is not governed by this part of the act. *See* 45 U.S.C. §§ 184, 151(a) (1926); *Pennsylvania Railroad Company v. Day*, 360 U.S. 548, 552 (1959); *Hawaiian Airlines*, 512 U.S. 246, 253 (1994).

The Association negotiated the contract, but it now disagrees with the carrier about the meaning of the term that defines the level of retirement pay – final-average compensation. This dispute affects current as well as retired pilots. For several policy reasons, including consistent interpretation, only the retirement board – the Railway Labor Act's board of adjustment – may interpret the phrase and apply it.

In 1974, the Employee Retirement Income Security Act was added to our national law. It requires only a narrow, administrative resolution of disputes about plan benefits. It bars other claims and remedies. The Retirement Act is parallel to the Railway Act in its prescription of a quick, low-cost method for disputes. 29 U.S.C. § 1144 (1974).

The two Acts do not conflict. In the case of collective labor contracts with carriers, the adjustment board from the Railway Act supplies the internal, informal administrative review of plan interpretations.

Ballew and the other pilots may not treat the retirement plan separately from the collective contract that generated it. Although their retirement income through the plan is deferred compensation, it is still wages. The pension is calculated on wages for particular months at the airline. This dispute is about which months count for the retirement arithmetic under the contract, while the pension benefits are furnished through the workplace by the contract.

Because the Railway Labor Act gives exclusive jurisdiction over contract interpretation to its administrative machinery, only the retirement board may resolve this one.

4. *Conclusion.*

This case will be dismissed for lack of jurisdiction.

Signed on March 21, 2011, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge